# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER AVILA, | CASE NO. 1:07-cv-01262-LJO DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION |
| v. | FOR FAILURE TO OBEY A COURT ORDER |
| JERRY STAINER, et al., | (Doc. 4) |
| Defendants. | OBJECTIONS DUE WITHIN TWENTY DAYS |

_____/

Plaintiff Alexander Avila ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2001. On September 4, 2008, the undersigned dismissed Plaintiff's amended complaint and directed Plaintiff to file a further amended complaint within thirty days. To date, Plaintiff has not complied with or otherwise responded to the Court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

1

1  Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
2  requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
3  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of
4  address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
5  comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for
6  failure to lack of prosecution and failure to comply with local rules).

7  In determining whether to dismiss an action for lack of prosecution, failure to obey a court
8  order, or failure to comply with local rules, the court must consider several factors: (1) the public's
9  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
10 of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
11 (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
12 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

13 In the instant case, the court finds that the public's interest in expeditiously resolving this
14 litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has
15 been pending since 2001. The third factor, risk of prejudice to defendants, also weighs in favor of
16 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
17 prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor
18 -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors
19 in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey
20 the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.
21 Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The
22 court's order directing plaintiff to file an amended complaint expressly stated: "If plaintiff fails to
23 file an amended complaint, the Court will recommend that this action be dismissed, with prejudice,
24 for failure to obey a court order." Thus, plaintiff had adequate warning that dismissal would result
25 from his noncompliance with the court's order.
26 ///
27 ///
28 ///

1     Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
2 plaintiff's failure to obey the court's order of September 4, 2008.
3     These Findings and Recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
5 days after being served with these Findings and Recommendations, plaintiff may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   October 27, 2008**             **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE